BATE, PETERSON, DEACON, ZINN & YOUNG LLP
LINDA VAN WINKLE DEACON (State Bar No. 60133)
ROBERT D. DONALDSON (State Bar No. 56900)
888 South Figueroa Street, Fifteenth Floor
Los Angeles, California 90017
Telephone: (213) 362-1860
Facsimile: (213) 362-1861
ldeacon@bpdzylaw.com
rdonaldson@bpdzylaw.com

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRYANT, an individual<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>AMTRAK, a business form unknown; and DOES 1 through 50, inclusive,<br><br>　　　　Defendant. | Case No. 08 CV 0458 J RBB<br><br>ANSWER TO COMPLAINT |

　　　Defendant National Railroad Passenger Corporation (erroneously named herein as "Amtrak"), severing itself from its co-defendants herein and appearing for itself alone, answers the Complaint for Damages of plaintiff James Bryant and admits, denies and alleges as follows:

///

///

///

///

///

1

ANSWER TO COMPLAINT

## ANSWER TO PARTIES, JURISDICTION AND VENUE

1. Denies that the event about which plaintiff is complaining occurred in the State of California, and that venue is proper in San Diego, California; and, except as denied, alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Alleges that this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1349; and, except as alleged, denies the allegations of paragraph 2.

3. Denies the allegations of paragraph 3.

4. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Denies the allegations of paragraph 7.

8. Denies the allegations of paragraph 8.

9. Denies the allegations of paragraph 9, and specifically denies that plaintiff has been damaged in any amount whatsoever.

## ANSWER TO SPECIFIC FACTUAL ALLEGATIONS

10. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Alleges that on April 15, 2007, plaintiff boarded a train owned and operated by this answering defendant in Los Angeles, California; denies that

BATE, PETERSON, DEACON, ZINN & YOUNG LLP
888 SOUTH FIGUEROA STREET, FIFTEENTH FLOOR
LOS ANGELES, CALIFORNIA 90017

plaintiff boarded the train on April 16, 2007; and, except as alleged and denied, alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Alleges that on April 16, 2007, plaintiff reported that his wallet was missing from his sleeper compartment; and, except as alleged, alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14. Admits that plaintiff informed its personnel that his wallet was missing from his sleeper compartment; and, except as alleged, denies the allegations contained in paragraph 14.

15. Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Denies that its conductor told plaintiff that "sometimes some people get treated differently on this train"; and, except as denied, alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Alleges that on April 16, 2007, this answering defendant apprehended a person on its train who had no ticket or personal identification; and, except as alleged, denies the allegations contained in paragraph 17.

18. Alleges that it contacted the Las Vegas, New Mexico Police Department to have officers standing by when the train arrived at its scheduled stop in Las Vegas, New Mexico; and, except as alleged, denies the allegations contained in paragraph 18.

19. Admits that the Las Vegas, New Mexico Police Department took the unticketed person into custody; and, except as admitted, alleges that it is without

knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.  Alleges that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

## ANSWER TO FIRST CAUSE OF ACTION

22.  Refers to paragraphs 1 through 21 of its answer, and incorporates said paragraphs herein by reference.

23.  Denies the allegations of paragraph 23.

## ANSWER TO SECOND CAUSE OF ACTION

24.  Refers to paragraphs 1 through 23 of its answer, and incorporates said paragraphs herein by reference.

25.  Denies the allegations contained in paragraph 25.

## ANSWER TO THIRD CAUSE OF ACTION

26.  Refers to paragraphs 1 through 25 of its answer, and incorporates said paragraphs herein by reference.

27.  Denies the allegations of paragraph 27.

28.  Denies the allegations of paragraph 28.

## ANSWER TO FOURTH CAUSE OF ACTION

29. Refers to paragraphs 1 through 28 of its answer, and incorporates said paragraphs herein by reference.

30. Denies the allegations of paragraph 30.

31. Denies the allegations of paragraph 31.

## FIRST AFFIRMATIVE DEFENSE

32. The complaint herein, and each of the purported "causes of action" thereof, fail to state facts sufficient to constitute a claim for relief against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

33. If any loss, injury, damage, or detriment occurred as alleged in the complaint, the loss, injury, damage, or detriment was caused and contributed to by the actions of plaintiff, in that plaintiff did not exercise ordinary care on his own behalf, and in that plaintiff's own acts and omissions proximately caused and contributed to the loss, injury, damage, or detriment alleged in the complaint; thus, recovery from this answering defendant, if any, should be altogether barred by or, in the alternative, reduced in proportion to, the percentage of plaintiff's negligence or fault.

## THIRD AFFIRMATIVE DEFENSE

34.  This answering defendant is not liable for punitive or exemplary damages herein, inasmuch as any award of punitive or exemplary damages under California or federal law in general, and/or any such award under California or federal law as applied to the facts in this case, would violate this answering defendant's constitutional rights under the California Constitution and the Constitution of the United States.

WHEREFORE, this answering defendant prays as follows:

(a)  That plaintiff take nothing by his complaint herein;

(b)  For its costs of suit incurred herein, including reasonable attorneys' fees; and

(c)  For such other and further relief as the Court may deem just and proper.

DATED: June 6, 2008

BATE, PETERSON, DEACON, ZINN & YOUNG LLP

By: /s/ Robert D. Donaldson

ROBERT D. DONALDSON

Attorneys for Defendant NATIONAL RAILROAD PASSENGER CORPORATION

ANSWER TO COMPLAINT

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         )
COUNTY OF LOS ANGELES    )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 888 S. Figueroa Street, 15th Floor, Los Angeles, California 90017.

On **June 6, 2008**, I caused to be served the foregoing documents described as **ANSWER TO COMPLAINT** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Mark-Robert Bluemel, Esq.
Law Offices of Mark-Robert Bluemel
4452 Park Boulevard, Suite 203
San Diego, CA 92116

__X__ MAIL   follows: I am "readily familiar" with Bate, Peterson, Deacon, Zinn & Young LLP's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of party served, service shall be presumed invalid if postal cancellation date or postage meter is more than one (1) day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 6, 2008, at Los Angeles, California.

_____
Cheryl Smith

7

ANSWER TO COMPLAINT