# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRYANT, an individual,<br><br>         Plaintiff,<br> vs.<br>AMTRAK, a business form unknown; and DOES 1 through 50, inclusive,<br><br>         Defendants. | CASE NO. 08cv458-WQH-RBB<br><br>**ORDER** |

HAYES, Judge:

  The matter before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. (Doc. # 54).

## DISCUSSION

  On March 12, 2008, Plaintiff initiated this action by filing a Complaint in this Court. (Doc. # 1).

  On October 14, 2009, the Court granted Defendant's motion for judgment on the pleadings (Doc. # 23) and dismissed Plaintiff's Complaint with leave to amend. (Doc. # 46).

  On October 27, 2009, Plaintiff filed the First Amended Complaint. (Doc. # 53). Plaintiff alleges that his wallet and other personal property were stolen while Plaintiff was a passenger on a train operated by Defendant. Plaintiff alleges that Defendant's employees apprehended the thief, a stowaway, and turned the thief over to police officers in New Mexico. Plaintiff alleges that his property was not recovered. Plaintiff also alleges that Defendant's employees made two comments related to Defendant's treatment of African-Americans. The First Amended Complaint contains a single cause of action, which states in its entirety:

1  "Defendant's conduct was negligent and it was reasonable and foreseeable for plaintiff to
2  suffer severe emotional distress. The actions of defendant constitute Negligence." (Doc. # 53
3  ¶¶ 23-24).

4  Defendant filed a Motion to Dismiss the First Amended Complaint. (Doc. # 54).
5  Defendant contends:

> Plaintiff failed to plead the required elements of his negligence claim. First, Plaintiff failed to plead a legal duty owed by Amtrak to conform to a standard of conduct established by law for Plaintiff's protection. ... Amtrak has no legal duty to protect Plaintiff from theft by an unknown, unticketed third party who sneaks on board without the knowledge or consent of Amtrak. Second, Plaintiff failed to plead how any breach of a duty Amtrak owed to Plaintiff caused him to suffer any harm. Amtrak's only involvement with the thief was apprehending him and turning him over to the police – something that benefitted Plaintiff and did not harm him. Third, the harm Plaintiff allegedly suffered was from the theft – something Amtrak did not do. There just is no causation between Plaintiff's alleged harm and any breach of duty by Amtrak.

12 (Doc. # 54 at 5).

13  Plaintiff filed an opposition to the Motion to Dismiss, which states: "Plaintiff believes
14 that the argument regarding the sufficiency of the [First Amended Complaint]'s allegation of
15 negligence may be accurate in a strictly procedural sense. For that reason, Plaintiff is filing
16 a Second Amended Complaint ... to address the pleading requirements for the negligence
17 claim." (Doc. # 55 at 2-3).

18  Plaintiff filed a second amended complaint, but the Court issued an Order striking the
19 document from the record because leave of Court is required for the filing of a second
20 amended complaint. (Doc. # 57 at 1 (citing Fed. R. Civ. P. 15(a))).

21  As Plaintiff concedes, the First Amended Complaint fails to adequately allege a
22 negligence cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A]
23 plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than
24 labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
25 do.") (quoting Fed. R. Civ. P. 8(a)(2)); *see also Mendoza v. City of Los Angeles*, 66 Cal. App.
26 4th 1333, 1339 (1998) (setting forth the elements of a negligence cause of action).
27 Accordingly, Defendant's Motion to Dismiss will be granted, and Plaintiff will be afforded an
28 opportunity to file a motion for leave to amend the First Amended Complaint.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss is **GRANTED**. (Doc. # 54). The First Amended Complaint is **DISMISSED** without prejudice. No later than **twenty (20) days** from the date of this Order, Plaintiff may file a motion for leave to amend the First Amended Complaint, accompanied by a proposed second amended complaint. The proposed second amended complaint must contain sufficient allegations to invoke the subject-matter jurisdiction of this Court. If Plaintiff does not file a motion for leave to amend the First Amended Complaint within twenty days, the Court will order this case to be closed.

DATED: May 25, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge