UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRYANT, an individual, | CASE NO. 08cv458-WQH-RBB |
| Plaintiff, | **ORDER** |
| vs. | |
| AMTRAK, a business form unknown; and DOES 1 through 50, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File a Second Amended Complaint. (Doc. # 68).

BACKGROUND

On March 12, 2008, Plaintiff initiated this action by filing a Complaint in this Court. (Doc. # 1).

On October 14, 2009, the Court granted Defendant's motion for judgment on the pleadings and dismissed Plaintiff's Complaint with leave to amend. (Doc. # 46).

On October 27, 2009, Plaintiff filed the First Amended Complaint.  (Doc. # 53). Plaintiff alleged that his wallet and other personal property were stolen while Plaintiff was a passenger on a train operated by Defendant.  Plaintiff alleged that Defendant's employees apprehended the thief, a stowaway, and turned the thief over to police officers in New Mexico. Plaintiff alleged that his property was not recovered. The First Amended Complaint contained a single cause of action, which stated in its entirety: "Defendant's conduct was negligent and it was reasonable and foreseeable for plaintiff to suffer severe emotional distress.  The actions

1  of defendant constitute Negligence."  (Doc. # 53 ¶¶ 23-24).

2       On May 25, 2010, the Court granted Defendant's motion to dismiss the First Amended

3  Complaint.  (Doc. # 66).  The Court held that the First Amended Complaint failed to

4  adequately allege a cause of action for negligence.

5       On June 17, 2010, Plaintiff filed the Motion for Leave to File a Second Amended

6  Complaint, and attached a proposed second amended complaint. (Doc. # 67).  The proposed

7  second amended complaint contains similar factual allegations as the First Amended

8  Complaint and again alleges a single cause of action for negligence.

9       On July 2, 2010, Defendant filed an opposition to the Motion for Leave to File a Second

10  Amended Complaint.  (Doc. # 70).

11  DISCUSSION

12       Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when

13  justice so requires."  Fed. R. Civ. P. 15(a).  "This policy is to be applied with extreme

14  liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

15  (quotation omitted).  In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered

16  several factors for district courts to consider in deciding whether to grant a motion to amend

17  under Rule 15(a):

18      In the absence of any apparent or declared reason–such as undue delay, bad faith
    or dilatory motive on the part of the movant, repeated failure to cure deficiencies

19      by amendments previously allowed, undue prejudice to the opposing party by
    virtue of allowance of the amendment, futility of amendment, etc.–the leave

20      sought should, as the rules require, be 'freely given.'

21  *Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir.

22  2004) (citing *Forman* factors).

23       "Not all of the [*Foman*] factors merit equal weight.  As this circuit and others have held,

24  it is the consideration of prejudice to the opposing party that carries the greatest weight."

25  *Eminence Capital*, 316 F.3d at 1052 (citations omitted).  "The party opposing amendment

26  bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187

27  (9th Cir. 1987).  "Absent prejudice, or a strong showing of any of the remaining *Foman*

28  factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."

1   *Eminence Capital*, 316 F.3d at 1052.

2        Defendant contends that "Plaintiff has been dilatory"; Defendant "will be prejudiced

3   if leave to amend at this late date is granted"; and "Plaintiff has already utilized two

4   opportunities to amend his complaint." (Doc. # 70 at 4, 6-7). Defendant also contends that

5   leave to amend should be denied because "any further amendment would be futile." (Doc. #

6   70 at 8).

7        After consideration of the submissions of the parties, the Court concludes that

8   Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the

9   presumption under Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316

10  F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed

11  second amended complaint until after leave to amend is granted and the amended pleading is

12  filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at

13  *2 (N.D. Cal., Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily

14  defer consideration of challenges to the merits of a proposed amended pleading until after

15  leave to amend is granted and the amended pleading is filed.").

16                                    CONCLUSION

17       IT IS HEREBY ORDERED that the Motion for Leave to File a Second Amended

18  Complaint is GRANTED. (Doc. # 54). No later than fourteen (14) days from the date this

19  Order is filed, Plaintiff may file the proposed second amended complaint which is attached to

20  the Motion for Leave to File a Second Amended Complaint. If Plaintiff does not file the

21  second amended complaint within fourteen days, the Court will order this case to be closed.

22       All remaining dates and deadlines set in the Second Amended Case Management

23  Conference Order (Doc. # 64), including the final pretrial conference date of August 30, 2010,

24  are vacated.

25  DATED: July 23, 2010

26                              *William Q. Hayes*

                                **WILLIAM Q. HAYES**
27                              United States District Judge

28