1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BRYANT, an individual, | CASE NO. 08cv458-WQH-RBB |
| Plaintiff, | **ORDER** |
| vs. | |
| AMTRAK, a business form unknown; and DOES 1 through 50, inclusive, | |
| Defendants. | |

HAYES, Judge:

The matter before the Court is the Motion to Enforce Settlement and Dismiss Entire Action with Prejudice, filed by Defendant Amtrak.  (ECF NO. 85).

## I.    Background

On August 3, 2010, Plaintiff filed the Second Amended Complaint, which is the operative pleading in this action. (ECF No. 72).  The Second Amended Complaint alleges that Plaintiff's wallet and other personal property were stolen while Plaintiff was a passenger on a train operated by Defendant.  The Second Amended Complaint asserts a single cause of action for negligence.

On September 1, 2010, Defendant filed a Motion for Summary Judgment, accompanied by affidavits and exhibits.  (ECF No. 75).

On September 20, 2010, Plaintiff filed an opposition to the Motion for Summary Judgment, accompanied by two affidavits.  (ECF No. 77).

On September 27, 2010, Defendant filed a reply, accompanied by evidentiary objections to Plaintiff's affidavits.  (ECF No. 78).

On October 29, 2010, the parties appeared for a hearing on the Motion for Summary Judgment and informed the Court that, during a settlement conference before the Magistrate Judge earlier that day, this case had settled and a joint motion to dismiss was forthcoming. (ECF No. 81).

On October 29, 2010, the Magistrate Judge issued an Order confirming that during the October 29, 2010 settlement conference, the parties settled the case. (ECF No. 82).

On December 7, 2010, this Court issued an Order requiring the parties to file a status report regarding the resolution of this case. (ECF No. 84).

On December 14, 2010, Defendant filed the Motion to Enforce Settlement and Dismiss Entire Action with Prejudice. (ECF NO. 85). Defendant contends:

> The existence of a complete settlement is clear and unambiguous. Mr. Bryant and Amtrak reached an agreement to settle this lawsuit during the court-ordered mandatory settlement conference on October 29, 2010 (the 'MSC'). The essential terms of the settlement were memorialized at the MSC in a confidential 'Memorandum of Settlement' that was signed by Mr. Bryant, Amtrak's corporate representative, and counsel for the parties. Although Amtrak is prepared to perform its obligations under the agreement and to finalize the settlement, Mr. Bryant has been uncooperative in effectuating the terms of the settlement. Mr. Bryant cannot avoid the deal that he agreed to simply because he may have some regrets or a complete change of heart.

(ECF No. 85-1 at 2). Defendant asserts that it "is prepared to finalize the settlement and to satisfy its obligations under the agreement." *Id*. at 7. Defendant "requests that this Court confirm that there is a binding settlement agreement between the parties and that the Court dismiss this action with prejudice." *Id.*

In support of the motion, Defendant submits a declaration from its attorney, who was present at the October 29, 2010 settlement conference before the Magistrate Judge. The declaration states:

> Mr. Bryant, Mr. Bryant's lawyer (Mark-Robert Bluemel), Amtrak's corporate representative and I attended the entire [settlement conference]. Mr. Bryant and Amtrak reached an agreement to settle the lawsuit during the [settlement conference]. The agreement was memorialized in a confidential 'Memorandum of Settlement' that was signed by Mr. Bryant, Mr. Bluemel, Amtrak's corporate representative and me during the [settlement conference]. Magistrate Judge Brooks officiated during the entire settlement process, including the signing of the Memorandum of Settlement. The Memorandum of Settlement lists the material terms upon which the parties agreed to settle this case. Among other things, the confidential Memorandum of Settlement provided that a long form agreement would be prepared and that a certain sum of money would be paid

1    directly to Mr. Bryant.

2    (Deacon Decl. ¶ 3, ECF No. 85-2).  Defendant submits a second declaration from another

3    attorney, which states that on November 11, 2010, she "e-mailed a long form settlement

4    agreement and stipulation of dismissal" to Plaintiff's attorney, and on December 1, 2010,

5    Plaintiff's attorney told her "that his client would not agree to sign the long form agreement."

6    (Saito Decl. ¶¶ 3, 6, ECF No. 85-2).  According to Defendant's attorney, at a December 3,

7    2010 settlement disposition conference before the Magistrate Judge, Plaintiff's attorney

8    reiterated that his client would not sign the long form agreement.  *Id.* ¶ 7.

9         Defendant provided the Court for *in camera* inspection a copy of the October 29, 2010

10   "Memorandum of Settlement," which provides, among other things, that the case is settled as

11   to all claims and the agreement is confidential.  The Memorandum of Settlement is signed by

12   Plaintiff, Plaintiff's attorney, a representative of Defendant, and Defendant's attorney.  The

13   cover letter to the Memorandum of Settlement indicates that a copy of the cover letter and the

14   Memorandum of Settlement was sent to Plaintiff's attorney as well as the Court.

15        The docket reflects that no opposition or response to the pending Motion to Enforce

16   Settlement and Dismiss Entire Action with Prejudice has been filed.

17   **II.    Discussion**

18        **A.      Failure to Oppose the Motion**

19        A district court may properly grant an unopposed motion pursuant to a local rule where

20   the local rule permits, but does not require, the granting of a motion for failure to respond.  *See*

21   *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).  Civil Local Rule 7.1 provides: "If an

22   opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that

23   failure may constitute a consent to the granting of a motion or other request for ruling by the

24   court."  S.D. Cal. Civ. Local Rule 7.1(f)(3)(c).  "Failure to follow a district court's local rules

25   is a proper ground for dismissal.  Before dismissing the action, the district court is required to

26   weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the

27   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

28   policy favoring disposition of cases on their merits; and (5) the availability of less drastic

1    sanctions." *Ghazali*, 46 F.3d at 53 (quotation omitted).

2        Plaintiff failed to file an opposition to the Motion to Enforce Settlement and Dismiss

3    Entire Action with Prejudice.  After considering the five factors outlined in *Ghazali*, the Court

4    finds that the first three factors outweigh the final two factors, and the motion should be

5    granted for failure to file an opposition pursuant to Local Rule 7.1(f)(3)(c).

6        In the alternative, and in light of the public policy favoring disposition of cases on their

7    merits, the Court addresses the merits of the Motion to Enforce Settlement below.

8    **B.    Merits**

9        Because of "the high judicial favor accorded the voluntary settlement of disputes," a

10   "trial court has power to summarily enforce on motion a settlement agreement entered into by

11   the litigants while the litigation is pending before it."  *In re City Equities Anaheim, Ltd.*, 22

12   F.3d 954, 957 (9th Cir. 1994) (quotations omitted).  To be enforced, a settlement agreement

13   must meet two requirements.  First, it must be a "complete agreement."  *Maynard v. City of*

14   *San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994).  Second, both parties must have either agreed

15   to the terms of the settlement or authorized their respective counsel to settle the dispute.  *See*

16   *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977).  "Where material

17   facts concerning the existence or terms of an agreement to settle are in dispute, the parties must

18   be allowed an evidentiary hearing."  *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)

19   (citations omitted).

20       "The construction and enforcement of settlement agreements are governed by principles

21   of local law which apply to interpretation of contracts generally."  *United Commercial Ins.*

22   *Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (quotation omitted).  "Under

23   California law, the intent of the parties determines the meaning of the contract.  The relevant

24   intent is 'objective'–that is, the intent manifested in the agreement and by surrounding

25   conduct–rather than the subjective beliefs of the parties.  For this reason, the true intent of a

26   party is irrelevant if it is unexpressed."  *Id*. (citations omitted).

27       After review of the October 29, 2010 Memorandum of Settlement and the declarations

28   submitted in support of Defendant's Motion to Enforce Settlement, the Court finds that both

parties agreed to the terms of the Memorandum of Settlement, and that the parties intended the agreement to be binding.  Although the Memorandum of Settlement states that a "long form agreement" is to be prepared, under California law, "[w]hen parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement."  *Blix St. Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, ---, 2010 WL 5168828, at *6 (Cal. Ct. App. Dec. 21, 2010); *cf. Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1431 (2003) ("Having orally agreed to settlement terms before the court, parties may not escape their obligations by refusing to sign a written agreement that conforms to the oral terms.").  After considering the merits of the Motion to Enforce Settlement, the Court concludes that the Memorandum of Settlement should be enforced.

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion to Enforce Settlement and Dismiss Entire Action with Prejudice is GRANTED.  (ECF NO. 85).  No later than fourteen (14) days from the date of this Order, Defendant shall pay Plaintiff the sum of money stated in the Memorandum of Settlement and file a notice with the Court certifying that the money has been paid.  Thereafter, the Court will dismiss this action with prejudice.

DATED:  January 26, 2011

**WILLIAM Q. HAYES**
United States District Judge